UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LYNN ANNE SHEPHERD,

  Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

  Defendant.

NO.  CV-11-0271-RHW

**ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT; GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 23, and Defendant's Motion for Summary Judgment, ECF No. 26. The motions were heard without oral argument. Plaintiff is represented by Maureen J. Rosette. Defendant[1] is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Michael S. Howard.

**I. Jurisdiction**

On June 6, 2007, Plaintiff protectively filed a Title II application for disability insurance benefits (DIB) and a Title XVI application for supplemental security income (SSI). Plaintiff alleges she has been disabled beginning November

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

29, 2005.

Her application was denied initially and again denied on reconsideration. A timely request for a hearing was made. On April 2, 2009, Plaintiff appeared at a hearing in Spokane, Washington before Administrative Law Judge (ALJ) R. S. Chester. R. Thomas McKnight, Ph.D, a medical expert and Tom L. Moreland, a vocational expert, also participated. Plaintiff was represented by Maureen Rosette.

The ALJ issued a decision on May 6, 2009, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which granted her request for review. Upon review, the Appeals Council adopted the ALJ's findings and conclusions that Plaintiff was not disabled. The Appeals Council's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 422.10.

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on July 27, 2011. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990)*.* If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past?  20 C.F.R. § 404.1520(e).  If the claimant is able to perform her previous work, she is not disabled.  *Id.*  If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience?  20 C.F.R. § 404.1520(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

1   (9th Cir. 1999). This burden is met once a claimant establishes that a physical or

2   mental impairment prevents her from engaging in her previous occupation. *Id*. At

3   step five, the burden shifts to the Commissioner to show that the claimant can

4   perform other substantial gainful activity. *Id.*

5   **III.    Standard of Review**

6          The Commissioner's determination will be set aside only when the ALJ's

7   findings are based on legal error or are not supported by substantial evidence in

8   the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)

9   (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla,"

10  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance."

11  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial

12  evidence is "such relevant evidence as a reasonable mind might accept as adequate

13  to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the

14  ALJ's denial of benefits if the evidence is susceptible to more than one rational

15  interpretation, one of which supports the decision of the administrative law judge.

16  *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can

17  support either outcome, the court may not substitute its judgment for that of the

18  ALJ." *Matney*, 981 F.2d at 1019.

19         A decision supported by substantial evidence will be set aside if the proper

20  legal standards were not applied in weighing the evidence and making the

21  decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th

22  Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are

23  immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec.*

24  *Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

25  **IV.    Statement of Facts**

26         The facts have been presented in the administrative transcript and the ALJ's

27  decision and will only be summarized here.

28         At the time of the hearing, Plaintiff was 51 years old. She attended school

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4**

up to the 9th grade. She does not have her GED. She dropped out of high school
because her father passed away and she was pregnant. (Tr. 382.) She is single and
has two children.

She began working in 1997 part-time. Prior to that, she was a stay at home
mom. (Tr. 158.) She worked at the Northern Quest Casino beginning in 2002 until
her termination in November 29, 2005. She was terminated because of alleged
inappropriate displays of affection on the gaming floor. (Tr. 50.)

Plaintiff alleges she is disabled because of mental health issues, chronic
obstructive pulmonary disease (COPD) and neck pain and back pain from
osteoarthritis and osteopenia. (Tr. 62.)

**V.    The ALJ's findings**

The ALJ noted that Plaintiff last met the insured status requirements of the
Social Security Act through March 31, 2010. (Tr. 22.)

At step one, the ALJ found Plaintiff had not engaged in substantial gainful
activity since November 29, 2005, the amended alleged onset date. (Tr. 22.)

At step two, the ALJ found Plaintiff has the following severe physical and
mental impairments: borderline intellectual functioning and a personality disorder
(Tr. 23.)

At step three, the ALJ found Plaintiff did not have an impairment or
combination of impairments that meets or medically equals one of the listed
impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 25.) The ALJ
considered impairments listed under Listing 12.05 (Mental Retardation) and
Listing 12.08 (Personality Disorder). (Tr. 25.)  The ALJ concluded that because
Plaintiff's mental impairments do not cause at least two "marked" limitations or
one "marked" limitation and "repeated" episodes of decompensation, the
paragraph B criteria was not satisfied. (Tr. 26.)

The ALJ determined Plaintiff has the residual functional capacity to perform

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5**

the full range of light work as defined in 20 C.F.R. § 404.1567(b);[2] except she can only perform occasional kneeling, crouching, crawling, and climbing of ladders ropes, and scaffolds. She needs to avoid concentrated exposure to fumes, odors, dusts and hazards such as unprotected heights and machinery, is limited to performing simple or well-learned tasks, can only have superficial or limited contact with the general public, and is limited to non-collaborative work with co-workers. (Tr. 27.)

At step four, the ALJ concluded Plaintiff was able to perform past relevant work as a fast foods worker. (Tr. 33.)

The ALJ did not conduct an alternative step five analysis.

## VI.    The Appeals Council's Decision

The Appeals Council reviewed the ALJ's decision that Plaintiff was not disabled. It adopted the ALJ's statements regarding the pertinent provisions of the Social Security Act, the SSA's regulations and rulings, the issues in the case, and the evidentiary facts. (Tr. 4.) It also adopted the ALJ's findings at step one, three, and four of the sequential evaluation, namely, Plaintiff has not engaged in substantial gainful activity since November 29, 2005, Plaintiff has severe

---

[2](b) Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

1  impairments that do not meet or equal in severity an impairment in the Listing of

2  Impairments, and she is capable of performing past relevant work. (Tr. 4.)

3       The Appeals Council disagreed with the ALJ's findings at step two.

4  Specifically, the Appeals Council found that in addition borderline intellectual

5  functioning and a personal disorder, Plaintiff has the following severe

6  impairments: status post cervical fusion, chronic obstructive pulmonary disease,

7  but she does not have an impairment or combination of impairments that meets the

8  Listings. (Tr. 6.) The Appeals Council adopted the ALJ's determination of

9  Plaintiff's residual functional capacity. (Tr. 6.)

10      The Appeals Council found that the limitations on Plaintiff's ability to

11 perform work-related activities, based on her residual functional capacity, did not

12 preclude performance of past relevant work as a fast food worker. (Tr. 6.). As

13 such, the Appeals Council concluded Plaintiff was not disabled.

14 **VII.  Issues for Review**

15      Plaintiff presents the following issues for review:

16      1.  Substantial evidence does not support the ALJ's conclusion in that she

17 is more limited from a physical standpoint, as well as a psychological standpoint;

18      2.  The ALJ erred in failing to properly consider the opinions of her treating

19 and examining sources regarding her physical and mental residual functional

20 capacity.

21 **VIII.  Discussion**

22      **A.      Finding of Severe Impairments**

23      Plaintiff argues the ALJ erroneously determined that she did not have

24 specific severe physical impairments. The ALJ found that Plaintiff had severe

25 impairments of borderline intellectual functioning and a personality disorder. (Tr.

26 23.) The Appeals Council agreed with Plaintiff's arguments to a certain point,

27 finding that she had additional severe impairments of status post cervical fusion

28

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7**

1  and chronic obstructive pulmonary disease. (Tr. 5.) But, it did not find or address

2  whether Plaintiff suffered from degenerative joint disease, osteopenia and

3  migraines, which Plaintiff asserts affects her ability to work. The ALJ and the

4  Appeal Council concluded that Plaintiff was capable of light duty. Plaintiff also

5  challenges this determination. The first issue the Court must address, then, is

6  whether the ALJ and the Appeals Council erred in not finding her degenerative

7  joint disease, osteopenia and migraines to be severe impairments.

8      "An impairment or combination of impairments may be found 'not severe

9  *only if* the evidence establishes a slight abnormality that has no more than a

10 minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d

11 683, 686 (9th Cir. 2005). The analysis at step two is considered "a de minimis

12 screening device [used] to dispose of groundless claims." *Id.* (quoting *Smolen*,

13 80 F.3d at 1290. An ALJ may find that a claimant lacks a medically severe

14 impairment or combination of impairments only when his conclusion is "clearly

15 established by medical evidence." *Id.* In reviewing the ALJ's determination, the

16 Court considers "whether the ALJ had substantial evidence to find that the

17 medical evidence clearly established that [Plaintiff] did not have a medically

18 severe impairment or combination of impairments." *Id.*

19     With respect to Plaintiff's allegations that she suffered from arthritis,

20 osteopenia, bone pain, and back pain, the ALJ concluded the bulk of the medical

21 evidence established these impairments to be non-severe. With respect to

22 Plaintiff's allegations that she suffered from migraines, the ALJ found there was

23 no neurological testing or medication for migraine headaches in the record to

24 establish any impairment.

25     The ALJ's and the Appeals Council's determinations that Plaintiff's

26 arthritis, osteopenia, bone pain, back pain, and migraines are non-severe are

27 supported by the record. Although Plaintiff complains of chronic pain and

28

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8**

migraines, there is no diagnosis of migraines, no treatment notes, and no prescriptions for medications to treat Plaintiff's migraines.[3]  Plaintiff visited Dr. Montgomery on December 12, 2007. During that visit, she reported that she had been having more headaches recently, and had a long history of migraines. She indicated she had tried other medications in the past and they did not work. Dr. Montgomery's instructions were to continue with over-the-counter medicine. This notation does not provide the support to find that her migraines have more than a minimal effect on an individual's ability to work, especially in light of the fact that Plaintiff reported she had a long history of migraines, yet she was able to maintain continuous employment from 2002 to 2005 at Northern Quest Casino.

Likewise, the record is devoid of any prescriptions for pain medications for her bone pain and back pain.[4] There is nothing in the record that refers to or suggests any type of pain management plan. Although Plaintiff complained of hip pain, x-rays of her back and hip indicate she has mild or minimal hip dysplasia, which the doctor specifically concluded would not affect her ability to work. (Tr. 354.) On February 4, 2008, she visited the emergency room for acute neck strain following a near fall. (Tr. 585.) It does not appear she was given a prescription for pain medications. (Tr. 585.) A series of x-rays of Plaintiff's lumbar spine was

_____

[3]Plaintiff indicated she is taking Lithium for her mood disorders and takes over-the-counter Excedrin Migraine or Tylenol for her headaches. (Tr. 298.) On April 2, 2009, she indicated that Dr. Montgomery was prescribing medicine for her migraines, but the prescription was not substantiated any where in the record. (Tr. 702.)

[4]On October 31, 2008, Plaintiff saw Dr. Tubbs for a follow-up visit for back pain. She reported the pain had improved somewhat over the past week despite her not taking any pain medication. (Tr. 710.) She also indicated she was not interested in going to physical therapy. (Tr. 711.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

taken in May, 2007, and Dr. Handy concluded they were an "essentially negative lumbar spine series." (Tr. 413.)

The ALJ found Plaintiff was not credible with respect to the intensity, persistence, or functionally limiting effects of pain or other symptoms. (Tr. 29.) In doing so, the ALJ considered Plaintiff's inconsistent statements to her health care providers and at the hearing. The ALJ noted that her allegations of "bone" problems and neck "popping" are not supported by the record; rather they are contradicted by the orthopedic evaluation of Dr. Bagby. (Tr. 30.) The ALJ found Plaintiff evasive and misrepresented facts. (Tr. 31.). The ALJ noted that medical examiners have questioned her physical allegations based on their medical findings. (Tr. 31.) The ALJ properly engaged in the two step process to evaluate Plaintiff's testimony regarding subjective pain.[5] The ALJ's credibility determinations are supported by the record.

The ALJ and the Appeals Council did not err in concluding that Plaintiff's alleged impairments of arthritis, osteopenia, bone pain, back pain, and migraines

---

[5]In order to find a claimant's testimony regarding severity of his impairments unreliable, the ALJ must make "a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). (citation omitted). In doing so, the Court engages in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Once a "claimant meets this first test, and there is not evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering clear and convincing reasons for doing so." *Id.*

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

are non-severe. Substantial evidence supports this conclusion.

**B.    Residual Functional Capacity**

Plaintiff argues she is more limited from a physical, as well as a psychological, standpoint. Consequently, the ALJ erred in determining her Residual Functional Capacity.

"When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). More weight is given to a treating physician's opinion than to the opinion of a non-treating physician because a treating physician is employed to cure and has greater opportunity to know and observe the patient as an individual. 20 C.F.R. § 416.927(d)(1); *see also Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995). Likewise, greater weight is given to the opinion of an examining physician than a non-examining physician. *Andrews*, 53 F.3d at 1041. Opinions of physicians who examined the claimant only once should be given less weight than the physicians who treated her. 20 C.F.R. § 404.1527; *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004).

**i.    Physical Limitations**

There are conflicting testimony in the record regarding Plaintiff's physical limitations. In 2006, Dr. Phillips examined Plaintiff and found her to be capable of light exertional work. (Tr. 262.) In 2007, Dr. Bagby, after a thorough and comprehensive orthopedic evaluation, found Plaintiff capable of performing light exertional work. (Tr. 565.) In September, 2007, Dr. Yurchak reviewed Plaintiff's records and indicated that Plaintiff was capable of a modified range of light work. (Tr. 513.)

On the other hand, in February, 2006, Dr. Top Sky found Plaintiff to be limited to sedentary exertional work. (Tr. 374.). In May, 2007, Christina Riebe, ARNP, completed a physical evaluation. (Tr. 481-82.) She concluded Plaintiff

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

1   would be limited to sedentary work and would have limited mobility, agility, and

2   flexibility in bending, climbing, crouching, handling, kneeling, pulling, pushing,

3   reaching, sitting, and stooping. (Tr. 389.)

4        Dr. Top Sky was Plaintiff's treating physician for a period of time within

5   the relevant time period at issue. (Tr. 31.) If the treating doctor's opinion is

6   contradicted by another doctor, the ALJ may not reject this opinion without

7   providing "'specific and legitimate reasons' supported by substantial evidence in

8   the record for doing so." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

9        The ALJ gave limited weight to Dr. Top Sky's opinion for the following

10  reason: (1) no indication of any tests to support her findings relative to the

11  degenerative joint disease/osteopenia being present; (2) no tests that determined

12  level of severity which would support work level to sedentary; and (3) these

13  findings are contradicted by the orthopedic evaluations and radiological studies

14  which found no evidence of degenerative joint disease.[6]  (Tr. 31.) The ALJ also

15  noted that ARNP Reibe found Plaintiff's osteopenia to have no level of severity,

16  which corresponded to having "no interference with the ability to perform basic

17  work-related activities." (Tr. 24.)

18       The ALJ did not provide explicit reasons for rejecting ARNP Riebe's

19  opinion that Plaintiff was limited to only sedentary work. ARNP Riebe is not an

20  acceptable medical source. 20 C.F.R. 404.1502. The ALJ may only discount

21  testimony from these "other sources" if the ALJ "gives reasons germane to each

22  witness for doing so." *Moline v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). As

23  the SSR-06-03p explains, there is a distinction between what an adjudicator must

24  consider and what the ALJ must explain in the disability determination. At the

---

26  [6]The ALJ also theorized that possibly Dr. Top Sky may have offered the

27  opinion in an effort to assist Plaintiff. (Tr. 31.) There is nothing in the record that

28  would support this reason for giving Dr. Top Sky's opinion less weight.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY**
**JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT** ~ 12

1  minimum, the ALJ should ensure that the discussion of the evidence allows the

2  claimant or subsequent reviewer to follow the adjudicator's reasoning. SSR-06-

3  06p. Here, it is clear the ALJ considered Riebe's opinion, as the ALJ referred to

4  ARNP Riebe's conclusions in his opinion. (Tr. 24.) The ALJ did not err in failing

5  to specifically cite to ARNP Riebe's opinion, given that he gave limited weight to

6  Dr. Top Sky's opinion that also provided for sedentary limitations.

7      The ALJ gave specific and legitimate reasons to give only limited weight to

8  Dr. Top Sky's and Riebe's opinion that Plaintiff is limited to sedentary work.

9  Moreover, substantial evidence supports finding that Plaintiff's physical

10 limitations result in a residual functional capacity that includes light work, as

11 reflected in Dr. Bagby's and Dr. Phillips's opinions. Notably, Plaintiff testified

12 that on good days, she can walk up to 5 miles and routinely walks 2 to 3 miles in

13 the summer. (Tr. 72-3.) This is consistent with someone who can perform light

14 work.

15              ii.    **Psychological Limitations**

16      Plaintiff argues the residual functional capacity does not accurately reflect

17 her mental limitations. The residual functional capacity limited Plaintiff to

18 performing simple or well-learned tasks, having only superficial or limited

19 contact with the general public, and being limited to non-collaborative work with

20 co-workers. (Tr. 27.)

21      Amy Robinson, M.S. opined that Plaintiff had moderate cognitive

22 difficulties and marked social difficulties. (Tr. 377-80) This report was signed off

23 by Dr. W. Scott Mabee, Ph.D. (Tr. 385.) Ashlie Hagen, M.S. opined that Plaintiff

24 had moderate to severe cognitive and social limitations. (Tr. 544-48.) This report

25 was also signed off by Dr. Mabee. (Tr. 554.)

26      The ALJ gave little weight to Ms. Robinson and Ms. Hagen's opinions

27 because they did not take into account Plaintiff's ability to function within the

28 work force for many years with her diagnosed conditions. He instead relied on

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** ~ 13

1  Dr. McKnight's testimony that Plaintiff was able to work. Dr. McKnight took into

2  consideration the fact that Plaintiff's borderline intellectual functioning and

3  personality disorder were present during the time that she worked at Northern

4  Quest Casino for over three years. (Tr. 29.) As the ALJ explained, "In terms of

5  the claimant's alleged mental impairments of a borderline personality disorder

6  and borderline intellectual functioning, the undersigned notes such to be lifelong

7  conditions and which did not preclude the claimant from working for several

8  years with earnings over $18,000 a year for four years straight at the same job."

9  (Tr. 29.)

10      Also, the ALJ noted that while Plaintiff testified she had run-ins with her

11  supervisors at her job at Northern Quest, she also explained she was fired for

12  alleged public display of affection on the casino floor with her boyfriend while

13  working, not problems with her supervisor, her co-workers, or the public. (Tr.

14  29.) The ALJ also noted that various mental health tests were deemed invalid due

15  to Plaintiff's over-reporting her mental pathology. (Tr. 30.) All valid mental

16  status examinations were within normal limits. (Tr. 30.) The ALJ noted that

17  Plaintiff's alleged memory problems are not supported in the record as Dr.

18  Quackenbush found her memory to be functioning at the high average range. (Tr.

19  30.) Also, the ALJ relied on the fact that Plaintiff over-reported her symptoms

20  with respect to her mental conditions.

21      The ALJ did not err in rejecting Ms. Robinson and Ms. Hagen's opinions.

22  The ALJ gave specific and legitimate reasons for rejecting these opinions.

23      As such, the residual functional capacity accurately reflects Plaintiff's

24  abilities, and therefore, the ALJ did not err in concluding that Plaintiff is capable

25  of performing past relevant work as a fast food worker.

26  **IX.   Conclusion**

27      Plaintiff has not met her burden of showing the ALJ committed legal error

28  or that his conclusion that Plaintiff was not disabled from November 29, 2005 to

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** ~ 14

May 6, 2009, is not supported by substantial evidence. The ALJ properly found that Plaintiff was capable of performing past relevant work as fast food worker and properly found that she is not disabled.

Accordingly**, IT IS HEREBY ORDERED:**

1.   Plaintiff's Motion for Summary Judgment, ECF No. 23, is **DENIED**.

2.   Defendant's Motion for Summary Judgment, ECF No. 26, is **GRANTED.**

3.   The decision of the ALJ denying benefits is **affirmed**.

4.   The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 9th day of October, 2013.


_s/Robert H. Whaley_

ROBERT H. WHALEY
United States District Judge



Q:\RHW\aCIVIL\2011\Shepherd (SS)\sj.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 15